Christopher Corsones
CORSONES & CORSONES
One Nickwackett Street
Rutland, VT 05701
Telephone: (802) 775-0125
Facsimile: (802) 775-5758
E-mail: chrisc@corsones.com

Paul William Danielsen, CA Bar No. 118950
LAW OFFICE OF PAUL WILLIAM DANIELSEN
(Pro Hac Vice Admission Pending)
826 Orange Avenue, Suite 310
Coronado, California 92118
Telephone: (619) 437-1577
Facsimile: (619) 435-1577
E-mail: PWDLAW@aol.com

Attorneys for Plaintiff

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 JAN 23 PM 2:49

CLERK

BY_____
DEPUTY CLERK

# IN THE FEDERAL DISTRICT COURT OF THE STATE OF VERMONT

## RUTLAND DISTRICT

| | |
|---|---|
| EMILY T. CORSONES, an incapacitated Adult, by and through her Court Appointed Co-Guardian and mother Nancy Corsones,<br><br>Plaintiff,<br><br>vs.<br><br>DONUTS OF RUTLAND, INC., MIDWAY OIL CORPORATION, CHARLES H. EMERY, III, ANDREW GALIANO, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-12<br><br>**COMPLAINT FOR DAMAGES; PERSONAL INJURIES**<br><br>1. **NEGLIGENCE-CHARLES H. EMERY, III;**<br>2. **NEGLIGENCE-ANDREW GALIANO;**<br>3. **NEGLIGENCE PER SE;**<br>4. **NEGLIGENT HIRING, SUPERVISION AND RETENTION;**<br>5. **NEGLIGENT ENTRUSTMENT;**<br>6. **RECKLESS HIRING AND RETENTION.**<br><br>**JURY TRIAL REQUESTED** |

Comes now Plaintiff EMILY T. CORSONES, an incapacitated Adult, by and through her Court Appointed Co-Guardian and mother Nancy Corsonses, and for causes of action against

1

Defendants DONUTS OF RUTLAND, INC., MIDWAY OIL CORPORATION, CHARLES H. EMERY, III, ANDREW GALIANO, and DOES 1-50, and complain and allege as follows:

## PARTIES

1. Plaintiff, EMILY T. CORSONES is a law student in Los Angeles, California, and a resident / citizen of California; at the time of the subject incident Plaintiff returned home to Rutland, Vermont for the holidays; Plaintiff is currently recovering from the subject incident.

2. Plaintiff's mother Nancy Corsones was appointed as Plaintiff EMILY T. CORSONES' Co-Guardian following this pedestrian versus commercial vehicle incident.

3. Defendant DONUTS OF RUTLAND, INC., is incorporated in the State of Vermont with its principal place of business in the County of Rutland, in the State of Vermont and is doing business in the State of Vermont.

4. Defendant MIDWAY OIL CORPORATION is incorporated in the State of Vermont and is doing business in the State of Vermont.

5. Defendant CHARLES H. EMERY, III, is a resident of the County of Rutland, State of Vermont.

6. Defendant ANDREW GALIANO is a resident of the County of Rutland, State of Vermont.

7. The true names and capacities of Defendants herein named as DOES 1-50 are unknown to Plaintiff, who therefore sue said Defendants, and each of them, by fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOES were responsible in some manner for the events and happenings herein referred to and negligently, carelessly, willfully, and/or recklessly caused injuries and damages proximately thereby to Plaintiff as herein alleged.

## JURISDICTION AND VENUE

8. Federal Court has jurisdiction based on diversity of citizenship of parties under Title 28 U.S.C. § 1332 and the matter in controversy exceeds the sum or value of $75,000.00.

9. Defendant DONUTS OF RUTLAND, INC. is incorporated in the State of Vermont with its principal place of business in the County of Rutland, in the State of Vermont and is doing business in the State of Vermont.

10. Defendant MIDWAY OIL CORPORATION is incorporated in the State of Vermont and is doing business in the State of Vermont.

11. Defendant CHARLES H. EMERY, III, is a resident of the County of Rutland, State of Vermont.

12. Defendant ANDREW GALIANO, is a resident of the County of Rutland, State of Vermont.

13. Plaintiff EMILY T. CORSONES is a citizen of California and was about to start her last semester of law school in Los Angeles; at the time of the subject incident Plaintiff returned home to Vermont for the holidays; Plaintiff was a pedestrian in a crosswalk when she was hit by Defendant DONUTS OF RUTLAND / Dunkin' Donuts' vehicle driven by Defendant CHARLES H. EMERY, III. Plaintiff is currently disabled and is now in California recovering from the injuries she sustained in the subject incident.

14. Plaintiff EMILY T. CORSONES' mother Judge Nancy Corsones was appointed by the Court as Plaintiff EMILY T. CORSONES' Co-Guardian following this pedestrian versus commercial vehicle incident.

15. Federal District Court has supplemental jurisdiction over State Court claims under Title 28 U.S.C. § 1367.

16. Venue is proper in this district under Title 28 U.S.C. § 1391 (b) (1) and (2) because Defendants reside in Vermont and a substantial part of the acts or omissions giving rise to the claims occurred in this district.

**FIRST CAUSE OF ACTION: NEGLIGENCE OF CHARLES H. EMERY, III**

17. Plaintiff repeats, realleges and incorporates as if fully set forth herein each and every allegation contained in Paragraphs 1-16 as set forth above.

18. On the morning of Christmas Eve December 24, 2015, Defendant CHARLES H. EMERY, III was driving a commercial vehicle owned by Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION, owed a duty of care to Plaintiff to avoid causing Plaintiff to suffer personal injury.

19. On the morning of December 24, 2015, Defendant breached the duty of care owed to Plaintiff when Defendant EMERY negligently, carelessly and/or recklessly operated the motor vehicle when Defendant EMERY drove the vehicle in an unsafe manner by speeding in bad weather conditions, hit Plaintiff who was a pedestrian in a crosswalk, and caused Plaintiff to suffer catastrophic personal injuries.

20. As a further direct and legal result of the negligence, carelessness, and/or recklessness of Defendant EMERY, Plaintiff suffered multiple physical injuries, traumatic brain injury, severe shock and injuries to Plaintiff's nervous system and person, and Plaintiff EMILY T. CORSONES was injured in her health, strength and activity, all to Plaintiff's general damage in a sum which will be shown according to proof.

21. As a further direct and legal result of the negligence, carelessness, and/or recklessness of Defendant EMERY, Plaintiff was compelled to and did incur expenses for life saving medical care expenses, acute inpatient rehabilitation, outpatient rehabilitation and will have to incur additional expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiff

therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

22. As a further direct and legal result of said carelessness, negligence, and/or recklessness of Defendant EMERY, Plaintiff was compelled to and did incur other incidental expenses, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

23. As a further direct and legal result of said negligence, carelessness and/or recklessness of Defendant EMERY, Plaintiff EMILY T. CORSONES was disabled and may be disabled in the future and thereby caused Plaintiff to experience loss of earnings / loss of earning capacity, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of her loss of earnings / loss of earning capacity, when ascertained, or to prove said amount at the time of trial.

### SECOND CAUSE OF ACTION: NEGLIGENCE OF ANDREW GALIANO

24. Plaintiff repeats, realleges and incorporates as if fully set forth herein each and every allegation contained in Paragraphs 1-23 as set forth above.

25. On the morning of Christmas Eve December 24, 2015, Defendant ANDREW GALIANO, was a pedestrian who owed the duty of reasonable care to Plaintiff to avoid causing Plaintiff to suffer personal injury.

26. On the morning of December 24, 2015, Defendant ANDREW GALIANO breached the duty of reasonable care owed to Plaintiff when Defendant GALIANO negligently, and/or carelessly chased Plaintiff in an unsafe manner and his conduct was a cause of Plaintiff's catastrophic personal injuries.

27. Defendant ANDREW GALIANO breached the duty of reasonable care owed to Plaintiff when Defendant GALIANO saw and ignored the presence of a police car and failed to

enlist their help at this time but chose instead to chase Plaintiff EMILY T. CORSONES in an unsafe manner and this conduct was a cause of Plaintiff's catastrophic personal injuries.

28. As a direct and legal result of the negligence and/or carelessness of Defendant ANDREW GALIANO, Plaintiff suffered multiple physical injuries, traumatic brain injury, severe shock and injuries to Plaintiff's nervous system and person, and Plaintiff EMILY T. CORSONES was injured in her health, strength and activity, all to Plaintiff's general damage in a sum which will be shown according to proof.

29. As a further direct and legal result of said negligence and/or carelessness of Defendant ANDREW GALIANO, Plaintiff was compelled to and did incur expenses for life saving medical care expenses, acute inpatient rehabilitation, outpatient rehabilitation and will have to incur additional expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

30. As a further direct and legal result of said negligence and/or carelessness of Defendant ANDREW GALIANO, Plaintiff was compelled to and did incur other incidental expenses, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

31. As a further direct and legal result of said negligence and/or carelessness of Defendant ANDREW GALIANO, Plaintiff EMILY T. CORSONES was disabled and may be disabled in the future and thereby caused Plaintiff to experience loss of earnings / loss of earning capacity, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of her loss of earnings / loss of earning capacity, when ascertained, or to prove said amount at the time of trial.

## THIRD CAUSE OF ACTION: NEGLIGENCE PER SE
### Rebuttable Presumption
### As to Defendants CHARLES H. EMERY, III, DONUTS OF RUTLAND, INC. and MIDWAY OIL CORPORATION

32. Plaintiff repeats, realleges and incorporates as if fully set forth herein each and every allegation contained in Paragraphs 1-31 as set forth above.

33. On the morning of December 24, 2015 Defendant, CHARLES H. EMERY, III, carelessly, negligently, and/or recklessly operated the commercial vehicle he was driving in the course and scope of his employment for Defendants DONUTS OF RUTLAND, INC. / MIDWAY OIL CORPORATION when Defendant's vehicle collided with Plaintiff EMILY T. CORSONES, a pedestrian half way across a crosswalk, a vulnerable user, in violation of the Vermont law, specifically Title 23 Vermont Statutes Annotated §1033 (a, b) §4(81) and/or Title 23 VSA § 1201(a)(3), which was a cause of the accident and which caused Plaintiff to suffer personal injury.

34. On the morning of December 24, 2015 Defendant, CHARLES H. EMERY, III, was speeding while it was raining in violation of Title 23 VSA § 1081 (a) no driver shall drive vehicle on highway at speed that is greater than is reasonable or prudent under conditions, having regard for actual and potential hazards then existing.

35. Defendant CHARLES H. EMERY, III's conduct was in violation of the law and was without excuse.

36. As a direct and legal result of the negligence and/or carelessness of Defendant CHARLES H. EMERY, III, Plaintiff suffered multiple physical injuries, traumatic brain injury, severe shock and injuries to Plaintiff's nervous system and person, and Plaintiff EMILY T. CORSONES was injured in her health, strength and activity, all to Plaintiff's general damage in a sum which will be shown according to proof.

37. As a further direct and legal result of said negligence and/or carelessness of Defendant CHARLES H. EMERY, III, Plaintiff was compelled to and did incur expenses for

medical care and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

38. As a further direct and legal result of said negligence and carelessness of Defendant CHARLES H. EMERY, III, Plaintiff EMILY T. CORSONES was disabled and may be disabled in the future and thereby prevented from attending to Plaintiff's usual duties. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of the expenses, when ascertained, or to prove said amount at the time of trial.

39. As a further direct and legal result of said negligence and/or carelessness of Defendant CHARLES H. EMERY, III, Plaintiff was compelled to and did incur medical expenses and other incidental expenses, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

40. As a further direct and legal result of said negligence and carelessness of Defendant CHARLES H. EMERY, III, Plaintiff was disabled and may be disabled in the future and thereby caused Plaintiff to experience loss of earnings / loss of earning capacity. Plaintiff's loss of earnings / loss of earning capacity is in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of the loss of earnings and/or loss of earning capacity, when ascertained, or to prove said amount at the time of trial.

41. The violations of the statutes were a cause of Plaintiff EMILY T. CORSONES' injuries.

42. The statutes were designed to prevent accidents and/or injuries of this kind.

43. Plaintiff belonged to the class of people for whom the statutes were designed to protect.

44. Defendant EMERY's violations of these statutes create a prima facie case of negligence and raise a rebuttable presumption of negligence.

45. Defendant EMERY was in the course and scope of his employment for Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION at the time of the subject incident.

## FOURTH CAUSE OF ACTION: NEGLIENT HIRING, SUPERVISION AND RETENTION
### As to Defendants DONUTS OF RUTLAND, INC. and MIDWAY OIL CORPORATION

46. Plaintiff repeats, realleges and incorporates as if fully set forth herein each and every allegation contained in Paragraphs 1-45 as set forth above.

47. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION have a duty to use care in hiring, supervising or retaining an employee whose job puts him or her in a position to harm others.

48. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION knew or should have known that the Defendant CHARLES H. EMERY, III was unfit for a job involving driving, since he was taking drugs (prescription and otherwise) which he combined with alcohol that can impair the ability to drive, and/or was incompetent or dangerous, and these attributes were a proximate cause of Plaintiff's injury.

49. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION should have done a background check in order to obtain objective information regarding potential risks that may arise when hiring Defendant CHARLES H. EMERY, III for a position involving driving.

50. Defendants DONUTS OF RUTLAND, INC. and MIDWAY OIL CORPORATION had a duty to perform a background check and they knew or should have known that Defendant CHARLES H. EMERY, III was unfit for a job involving driving after

performing a background check because an employer may be directly liable if it negligently hires an applicant for work that involves an unreasonable risk of injury to others, when an employer places an employee with known dangerous propensities, or propensities which should have been discovered by reasonable investigation, in an employment position in which, because of the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others.

51. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION should have done drug testing prior to hiring Defendant CHARLES H. EMERY, III for a job involving driving. Based on the drugs Defendant CHARLES H. EMERY, III was taking and mixing with alcohol, he was unfit for a job involving driving. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION knew or should have known of the dangerous propensities of this candidate, and hiring the applicant for a driving position anyway was a proximate cause of the Plaintiff's injuries.

52. Upon information and belief, Defendant DONUTS OF RUTLAND, INC. violated their franchise agreement by hiring Defendant CHARLES H. EMERY, III in a job involving driving. Based on Defendant CHARLES H. EMERY, III's criminal history, Defendant EMERY did not have the good moral character required for a job with Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION which they knew or should have known of the dangerous propensities of Defendant EMERY, and hiring the applicant for a driving position anyway was a proximate cause of Plaintiff's injuries.

53. Upon information and belief, Defendant DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION had Defendant CHARLES H. EMERY, III working nine (9) hour shifts in a job involving driving between 10 pm and 7 am without supervision at the time of the subject incident. Based on the drugs and alcohol being used by Defendant CHARLES H. EMERY, III he was unfit for a job involving driving. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION knew or should have known of the dangerous

propensities of Defendant EMERY and having Defendant EMERY working nine (9) hour shifts in a job involving driving between 10 pm and 7 am was a proximate cause of Plaintiff's injuries.

54. As a direct and legal result of the negligent hiring and retention by Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION of Defendant CHARLES H. EMERY, III, Plaintiff suffered multiple physical injuries, traumatic brain injury, severe shock and injuries to Plaintiff's nervous system and person, and Plaintiff EMILY T. CORSONES was injured in her health, strength and activity, all to Plaintiff's general damage in a sum which will be shown according to proof.

55. As a direct and legal result of the negligent hiring, supervision and retention by Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION of Defendant CHARLES H. EMERY, III, Plaintiff EMILY T. CORSONES was compelled to and did incur expenses for medical care and will have to incur additional like expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

56. As a direct and legal result of the negligent hiring, supervision and retention by Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION of Defendant CHARLES H. EMERY, III, Plaintiff was compelled to and did incur other incidental expenses, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

57. As a direct and legal result of the negligent hiring and retention by Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION of Defendant CHARLES H. EMERY, III, Plaintiff was disabled and may be disabled in the future and thereby caused Plaintiff to experience a loss of earnings and / or earning capacity. Plaintiff has lost earnings

and/or earning capacity, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of the loss of earnings and/or earning capacity, when ascertained, or to prove said amount at the time of trial.

## FIFTH CAUSE OF ACTION: NEGLIGENT ENTRUSTMENT
### As to Defendants DONUTS OF RUTLAND, INC. and MIDWAY OIL CORPORATION

58.     Plaintiff repeats, realleges and incorporates as if fully set forth herein each and every allegation contained in Paragraphs 1-57 as set forth above.

59.     On the morning of December 24, 2015, Defendant CHARLES H. EMERY, III was an employee of Defendant DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION, the owners of the commercial vehicle being driven by their employee owed the duty of care to Plaintiff to avoid causing Plaintiff to suffer personal injury.

60.     On the morning of December 24, 2015, Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION breached the duty of care owed to Plaintiff when Defendants entrusted their commercial vehicle, a dangerous instrumentality, to their employee Defendant CHARLES H. EMERY, III, who Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION knew or should have known that entrusting their vehicle to Defendant CHARLES H. EMERY, III was negligent, careless and/or reckless due to Defendant CHARLES H. EMERY, III's criminal history, was an admitted heroin addict, known drug and alcohol user, who negligently, carelessly, and/or recklessly operated Defendant's motor vehicle in an unsafe manner which caused Plaintiff to suffer catastrophic personal injuries.

61.     As a direct and legal result of the negligence, carelessness and/or recklessness of Defendants, and each of them, Plaintiff suffered multiple physical injuries, traumatic brain injury, severe shock and injuries to Plaintiff's nervous system and person, and Plaintiff EMILY T. CORSONES was injured in her health, strength and activity, all to Plaintiff's general damage in a sum which will be shown according to proof.

62. As a further direct and legal result of said negligence, carelessness and/or recklessness of Defendants, and each of them, Plaintiff was compelled to and did incur expenses for medical care and is still receiving medical care and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

63. As a further direct and legal result of said negligence, carelessness and/or recklessness of Defendants, and each of them, Plaintiff was compelled to and did incur other incidental expenses, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

64. As a further direct and legal result of said negligence, carelessness and/or recklessness of Defendants, and each of them, Plaintiff was disabled and may be disabled in the future and thereby caused Plaintiff to experience loss of earnings and/or loss of earning capacity. Plaintiff has therefore lost earnings and/or earning capacity, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of the loss of earnings, when ascertained, or to prove said amount at the time of trial.

### SIXTH CAUSE OF ACTION: RECKLESS HIRING AND RETENTION
### As to Defendant DONUTS OF RUTLAND, INC. and MIDWAY OIL CORPORATION

65. Plaintiff repeats, realleges and incorporates as if fully set forth herein each and every allegation contained in Paragraphs 1-64 as set forth above.

66. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION have a duty to use care in hiring, supervising or retaining an employee whose job puts him or her in a position to harm others.

67. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION knew or should have known that the Defendant CHARLES H. EMERY, III was unfit for a job involving driving, since he was taking drugs (prescription and otherwise) which he combined with alcohol that can impair the ability to drive, and/or was incompetent or dangerous, and these attributes were a proximate cause of Plaintiff's injury.

68. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION should have done a background check in order to obtain objective information regarding potential risks that may arise when hiring Defendant CHARLES H. EMERY, III for a position involving driving.

69. Defendants DONUTS OF RUTLAND, INC. and MIDWAY OIL CORPORATION had a duty to perform a background check and they knew or should have known that Defendant CHARLES H. EMERY, III was unfit for a job involving driving after performing a background check because an employer may be directly liable if it negligently hires an applicant and/or retains the employee for work that involves an unreasonable risk of injury to others, when an employer places an employee with known dangerous propensities, or propensities which should have been discovered by reasonable investigation, in an employment position in which, because of the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others.

70. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION should have done drug testing prior to hiring Defendant CHARLES H. EMERY, III for a job involving driving. Based on the drugs Defendant CHARLES H. EMERY, III was taking and mixing with alcohol, he was unfit for a job involving driving. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION knew or should have known of the dangerous propensities of this candidate, and hiring the applicant for a driving position anyway was a proximate cause of the Plaintiff's injuries.

71. Upon information and belief, Defendant DONUTS OF RUTLAND, INC. violated their franchise agreement by hiring Defendant CHARLES H. EMERY, III in a job involving driving. Based on Defendant CHARLES H. EMERY, III's criminal history, Defendant EMERY did not have the good moral character required for a job with Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION which they knew or should have known of the dangerous propensities of Defendant EMERY, and hiring the applicant for a driving position anyway was a proximate cause of Plaintiff's injuries.

72. Upon information and belief, Defendant DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION had Defendant CHARLES H. EMERY, III working nine (9) hour shifts in a job involving driving between 10 pm and 7 am at the time of the subject incident. Based on the drugs and alcohol being used by Defendant CHARLES H. EMERY, III he was unfit for a job involving driving. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION knew or should have known of the dangerous propensities of Defendant EMERY and having Defendant EMERY working nine (9) hour shifts in a job involving driving between 10 pm and 7 am was a proximate cause of Plaintiff's injuries.

73. Upon information and belief, Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION were on notice on several occasions after hiring Defendant EMERY that he was incarcerated due to his violations of his terms of Probation.

74. Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION were reckless by continuing to employ Defendant EMERY as a driver of their commercial vehicle when he missed work due to his incarcerations due to his violations of his terms of Probation.

75. As a direct and legal result of the reckless retention by Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION of Defendant CHARLES H. EMERY, III, Plaintiff suffered multiple physical injuries, traumatic brain injury, severe shock and injuries to Plaintiff's nervous system and person, and Plaintiff EMILY T. CORSONES was

injured in her health, strength and activity, all to Plaintiff's general damage in a sum which will be shown according to proof.

76. As a direct and legal result of the reckless retention by Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION of Defendant CHARLES H. EMERY, III, Plaintiff EMILY T. CORSONES was compelled to and did incur expenses for medical care and will have to incur additional like expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

77. As a direct and legal result of the reckless retention by Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION of their employee Defendant CHARLES H. EMERY, III, Plaintiff was compelled to and did incur other incidental expenses, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of these expenses, when ascertained, or to prove said amount at the time of trial.

78. As a direct and legal result of the reckless retention by Defendants DONUTS OF RUTLAND, INC. and/or MIDWAY OIL CORPORATION of Defendant CHARLES H. EMERY, III, Plaintiff was disabled and may be disabled in the future and thereby caused Plaintiff to experience a loss of earnings and / or earning capacity. Plaintiff has lost earnings and/or earning capacity, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of the loss of earnings and/or earning capacity, when ascertained, or to prove said amount at the time of trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For general damages for physical and mental pain and suffering and emotional distress according to proof;

2. For all medical and incidental expenses according to proof;

3. For loss of earnings and/or earning capacity;

4. For interest from the date of incident to the time of judgment;

5. For all costs of suit incurred herein;

6. For punitive damages (as to Count Five);

7. For punitive damages (as to Count Six);

8. For such other and further relief as the Court may deem proper.

DATED: January 23, 2017

CORSONES & CORSONES

By: *Christopher Corsones*
Christopher Corsones
Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial in the above matter.

DATED: January 23, 2017          CORSONES & CORSONES

By: *Christopher Corsones*
Christopher Corsones
Attorney for Plaintiff